# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.V.**

**No. 22-795** (Harrison County 21-JA-156-2)

## MEMORANDUM DECISION

Petitioner Father J.V.[1] appeals the Circuit Court of Harrison County's September 15, 2022, order terminating his parental and custodial rights to A.V.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The proceedings below were initiated in June 2021, when the DHHR filed an abuse and neglect petition alleging substance abuse by the child's mother that occurred in the child's presence, resulting in the mother leaving the child "with different people," and constituted abuse and neglect. Although petitioner was initially named as a nonabusing respondent, the DHHR filed an amended petition in January 2022, alleging that petitioner had a substance abuse problem that led to the abuse and neglect of the child, including his arrest for possession of various controlled substances and drug paraphernalia. The amended petition further alleged that petitioner abandoned the child. According to the amended petition, petitioner participated in only one hearing since the filing of the original petition and had not provided for the care, custody, or control of the child since the child was placed with the grandmother seven months prior.

At the adjudicatory hearing in April 2022, the DHHR presented testimony from the grandmother, who recounted that petitioner had only seen the child one time since June 2021 and asked to see the child on two other occasions. According to the grandmother, petitioner's last visit with the child took place on Father's Day in June 2021. The grandmother testified that other issues prevented petitioner from visiting the child, such as his lack of transportation. The

---

[1]Petitioner appears by counsel Ryan C. Shreve. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Allison S. McClure appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

grandmother also testified that she informed petitioner that he had to set up visits with the child through Child Protective Services ("CPS") and admitted to refusing one request from petitioner for a visit because of his refusal to follow CPS's rules.

Petitioner offered conflicting testimony, including that he had seen the child five times since June 2021. However, petitioner admitted that he could not remember when or where these alleged visits took place or otherwise provide any details. Petitioner claimed that a lack of communication with the grandmother made it "impossible" for him to see the child, but he also could not remember any details of the conversations or communication attempts. Petitioner further testified that he was not aware that he needed to contact the DHHR or the CPS worker to set up visits with the child, despite confirming that the grandmother informed him otherwise. During his testimony, petitioner also acknowledged that he has a substance abuse problem with methamphetamine and marijuana and had been arrested multiple times for possession of narcotics since June 2021.

Finally, the CPS worker testified that the DHHR had not received any cards, gifts, or monetary support for the child from petitioner, nor had he requested contact with the child since the filing of the amended petition. Further, the CPS worker confirmed that petitioner never informed the DHHR that he was being prohibited by the grandmother from seeing the child prior to the filing of the amended petition.

After considering the evidence presented, the circuit court adjudicated petitioner as a neglectful parent based on the fact that the court did not find his testimony about visits with the child credible. The circuit court further noted that petitioner had not paid any money for the child's care outside of his child support payments through income withholding. As such, the circuit court reasoned that petitioner abandoned the child as the evidence demonstrated a settled purpose to forego his parental duties and claims to the child. Following the adjudicatory hearing, the circuit court ordered petitioner to submit to a drug screen. Petitioner tested positive for methamphetamine, amphetamine, and marijuana. Thereafter, petitioner filed a motion for a post-adjudicatory improvement period.

The dispositional hearing was originally scheduled for May 2022, but the hearing was continued to July 2022 because petitioner was at an inpatient substance abuse treatment facility. Petitioner was not present for the dispositional hearing, though he was represented by counsel. The evidence established that petitioner had not contacted the grandmother or CPS about the child since the adjudicatory hearing and he still had not provided any physical, emotional, or financial support for the child. Additionally, petitioner had been administratively discharged from the inpatient substance abuse treatment facility for rule violations. It was also established that petitioner was arrested for possession of fentanyl on June 22, 2022—less than one month before the dispositional hearing. Petitioner then tested positive for methamphetamines, amphetamines, and marijuana on July 5, 2022, at a hearing in a separate matter. Based on the evidence, the circuit court found that there was no reasonable likelihood that the conditions of neglect could be substantially corrected and that the child's best interests required termination of petitioner's parental and custodial rights. Accordingly, the circuit court terminated petitioner's

parental and custodial rights to the child. It is from the dispositional order that petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in adjudicating him of abandonment because the DHHR did not prove the allegations contained in the amended petition by clear and convincing evidence. Having reviewed the record, we find no merit in petitioner's argument.

Pursuant to West Virginia Code § 49-1-201, "'[a]bandonment' means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child." Here, the record demonstrates that the circuit court had sufficient evidence upon which to find that petitioner abandoned the child. First, the grandmother testified to petitioner's almost total lack of visits with the child prior to the amended petition's filing. While petitioner cites to his self-serving testimony to assert that he had not abandoned the child, the circuit court explicitly discounted this testimony because of petitioner's inability to recall any specific information related to his claims. "A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). We refuse to disturb these determinations.

Additionally, there is no dispute that petitioner did not attempt to have any contact with the child during the proceedings. While petitioner blames the grandmother for keeping the child from him, the evidence establishes that petitioner knew of DHHR's involvement, was informed by the grandmother to set up visits with CPS, and took no steps to seek assistance from the court or DHHR in setting up visitation. Further, the record is clear that petitioner did not provide any support for the child since the filing of the original petition, despite being able to secure illegal substances. As such, we find no error in the circuit court's adjudication of petitioner as a neglectful parent based upon abandonment, as the evidence clearly establishes that petitioner demonstrated a settled purpose to forego his duties and parental responsibilities to the child. *See In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014) (requiring "clear and convincing evidence" of "conditions existing at the time of the filing of the petition" in order to support a finding of abuse and/or neglect).

Finally, petitioner contends that it was error for the circuit court to terminate his parental rights to the child. In support of this assignment of error, petitioner also asserts that it was error to proceed to disposition without granting his motion for a post-adjudicatory improvement period. However, the record shows that petitioner failed to attend the dispositional hearing in order to demonstrate that he would be likely to fully participate in an improvement period. *See* W. Va. Code § 49-4-610(2)(B) (requiring that a parent "demonstrate[], by clear and convincing evidence, that the [parent] is likely to fully participate" in order to obtain an improvement

---

[3]The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current placement.

period). Further, petitioner's only argument before this Court that he should have been entitled to an improvement period is that he went to rehabilitation, while he ignores the fact that he was discharged without completing the same. Though petitioner asserts that he was willing to return to treatment, the record is clear that the court did not err in proceeding to disposition without granting petitioner's motion, as he was almost entirely noncompliant during the matter below.

Further, petitioner argues that the circuit court used the wrong timeframe when considering petitioner's progress and concluding that petitioner could not correct the conditions of abuse and neglect in the near future. However, this alleged error has no bearing on the court's findings necessary for termination. Thus, we find this argument unavailing, as the circuit court was otherwise presented with sufficient evidence to terminate petitioner's parental rights. Indeed, a review of the record shows that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future because petitioner made no effort to visit with or contact the child since the filing of the amended petition. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Furthermore, West Virginia Code § 49-4-604(c)(4) clearly sets forth that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" when "[t]he abusing parent or parents have abandoned the child."

Additionally, the circuit court found that petitioner's recent involvement with law enforcement, failure to comply with drug screening and substance abuse treatment requirements, and positive drug screens further proved that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. As such, the circuit court had a sufficient basis upon which to make the findings necessary to terminate petitioner's parental and custodial rights. *See* W. Va. Code § 49-4-604(b)(6) (permitting termination of parental rights upon finding "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child); Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) ("[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Accordingly, termination of petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

4

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn